FILED
SUPERIOR COURT
OF GUAM

2018 MAR 29 PM 1: 32

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br>JACKONIN JOHN,<br>AKA JACKY JOHN,<br>DOB: 11/01/1995,<br><br>DEFENDANT. | CRIMINAL CASE NOS.<br>CF0630-16; CF0145-18<br><br><br>DECISION AND ORDER DENYING<br>DEFENDANT'S MOTION TO RELEASE ON<br>PERSONAL RECOGNIZANCE |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on March 27, 2018 for Defendant Jackonin John's ("Defendant") Motion to Release on Personal Recognizance (the "Motion to Release"). Defendant was present and represented by Assistant Public Defender Zachary Taimanglo. The People of Guam were represented by Assistant Attorney General Terry VanEaton. Senior Probation Officer Jeanette Quintanilla was present for Adult Probation Services. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion to Release. The Court issues this Decision and Order to memorialize its ruling.

## BACKGROUND

In CF0630-16, Defendant was indicted on November 4, 2016 for Criminal Mischief (as a Third Degree Felony). The allegations arise out of an incident on October 21, 2016, where Defendant is alleged to have intentionally damaged the motor vehicle of J.C. Defendant is alleged to have walked out on the middle of the road in Route 1 and as J.C.'s vehicle approached Defendant, Defendant slammed or punched the passenger side of J.C.'s vehicle. (Decl. of Nicole Griffin, Oct. 22, 2016).

In CF0145-18, Defendant was indicted on March 22, 2018 for Criminal Mischief (as a Third Degree Felony) with a Special Allegation of Felony Committed on Release. The allegations arise out of an incident on March 11, 2018, where Defendant allegedly hit and shattered the passenger side window of a 1998 Sentra parked at the Alupang Sunset Gardens in Tamuning.

Defendant filed the instant Motion to Release on March 20, 2018. The People did not file an opposition and did not orally oppose to release. However, the People requested that the Court advise Defendant that any future non-compliance could place any potential plea agreement in jeopardy. Probation recommended that Defendant is held in custody until all matters are resolved or unless a Third Party Custodian can vouch for Defendant; considering that at least six violations since 2015 were filed for non-compliance and those matters were all at pre-trial status.

## LAW

Title 8 of the Guam Code Annotated ("GCA") § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged, including:
   (A) Length of his/her residence on Guam;
   (B) his/her employment status and history, and financial condition;
   (C) his/her family ties and relationships
   (D) his/her reputation, character, and mental and physical condition;
   (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
   (F) his/her history relating to drug or alcohol abuse;
   (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
   (H) *whether, at the time of the current offense or arrest*, he/she was on probation, on parole, *or on other release pending trial*, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and

(I) his/her history of compliance with other court orders;

(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

## ANALYSIS

In support of the motion, Defendant relies on the nature of the offense and history and character factors provided in Section 40.15(c). Particularly, defendant argues she is not a flight risk because she was born and raised on Guam and has nowhere else to go. (Def. Mot. to Release, at p. 1, Mar. 20, 2018). Additionally, that she is not a danger to the community since she is not alleged to have caused any personal injuries in these cases. *Id.* Further, that she will abide by any release conditions. *Id.*

However, the Court is concerned of the substantial risk of Defendant's non-appearance and ability to appear when required. Defendant's prior criminal record, that she was on pre-trial release at the time of the current offense, and factors suggesting the risk of willful failure to appear causes the Court apprehension in granting release for personal recognizance. Specifically, since Defendant only appears in court after she is re-arrested and picks up a new case. For example, a bench warrant was issued for Defendant in April, 2016 for failure to report to probation in CM0869-15, Defendant was apprehended in October 2016 after she was arrested and picked up another case (CF0630-16). Another bench warrant was issued for Defendant in December, 2016 for failure to report in CM0869-15, Defendant was apprehended in 2018, two years later, after she was arrested and picked up another case (CF0145-18).

Based on the consideration of the available information, most importantly Defendant's consistent failure to appear and abide by pre-trial release conditions, the Court determines that Defendant's release will not reasonably assure her appearance as required.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES Defendant's Motion to Release on Personal Recognizance.

A Pre-trial Conference is scheduled for April 10, 2018 at 11:00 a.m.

**SO ORDERED** this _____ MAR 2.9 2018 _____, *nunc pro tunc* March 27, 2018.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: 1) AG'S 2) PDSC

Date: 3/29/18 Time: 1:35

Deputy Clerk, Superior Court of Guam